# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD JOHN MULLINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-1562 JMB |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. Because the petition appears to be untimely, the Court will order petitioner to show cause why the petition should not be summarily dismissed.

On September 30, 2008, petitioner pled guilty to felony theft/stealing over $500 in property. *See State v. Mullins*, No. 08BB-CR00984-01 (12th Judicial Circuit, Warren County Court). On that same date he was sentenced to an aggregate prison term of ten years in the Missouri Department of Corrections. The court suspended the execution of the sentence ("SES"), and retained jurisdiction over petitioner for 120 days, pursuant to Mo.Rev.Stat. § 559.115 under the Missouri Shock Incarceration Program. On December 16, 2008, the court ordered that petitioner be released on probation for a period of five years. Petitioner did not appeal the sentence or file a timely motion for post-conviction relief.

The court revoked petitioner's probation on September 9, 2010. *Id.* Petitioner waited until April 19, 2017 to file a motion for post-conviction relief under Missouri Rule 24.035, which was denied on that same date without a hearing. *See Mullins v. State*, No. 17BB-CC00036 (12th Judicial Circuit, Warren County Court). Petitioner is currently incarcerated at Eastern Reception Diagnostic and Correctional Center, where Troy Steele is Warden.

In the instant petition, petitioner argues that his counsel was ineffective and that his sentence is invalid under the Missouri Supreme Court case of *State v. Bazell*, 497 S.W.3d 263 (Mo.banc 2016).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under Missouri law a suspended execution of sentence ("SES") is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *See State v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten (10) days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment on his original conviction became final ten (10) days

after he was sentenced on September 30, 2008. Petitioner's judgment on his revocation became final ten (10) days after he was revoked on September 9, 2010.

Because petitioner did not file an appeal or motion for post-conviction relief within the one-year period for either his original sentence or his revocation, but instead waited until almost seven years after his revocation, it matters not whether he is attempting to overturn his original conviction or his revocation conviction: both convictions and sentences are time-barred pursuant to § 2244.

Seemingly recognizing that his petition is untimely, petitioner asserts that the Court should restart his federal limitations period under § 2244(d)(1)(C). He argues in his petition that his prior state convictions were unlawfully used to enhance his state sentence for stealing, as set forth in the recent Missouri Supreme Court of *Missouri v. Bazell*, 497 S.W3d.263 (Mo.banc 2016).[1]

*Bazell* did not restart the statute of limitations period under § 2244(d)(1)(C) because only decisions of the United States Supreme Court may work to restart the limitations period under that provision. As such, petitioner will be asked to show cause why this action should not be dismissed as untimely.

In light of this Court's show cause order, the Court will deny petitioner's request for appointment of counsel at this time. Petitioner's claims appear to be time-barred and therefore, petitioner appears to be able to present his remaining claims on his own behalf.

Accordingly,

---

[1] In *State v. Bazell*, the appellant was convicted of various stealing offenses under Section 570.030, including two convictions for stealing firearms. 497 S.W.3d at 265. His convictions for stealing firearms were enhanced to felonies pursuant to § 570.030.3(3)(d). On appeal, the Missouri Supreme Court reversed the appellant's convictions for stealing firearms because the Court concluded that the plain language of § 570.030.3 barred it from being used to enhance the appellant's stealing offenses.

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc.# 3] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall show cause no later than thirty (30) days from the date of this order why his petition should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #2] is **DENIED** without prejudice at this time.

Dated this 30th day of May, 2017.

                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE