# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD JOHN MULLINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-1562 JMB |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. §§ 2254 and 2244.

## Background

On September 30, 2008, petitioner pled guilty to felony theft/stealing over $500 in property. *See State v. Mullins*, No. 08BB-CR00984-01 (12th Judicial Circuit, Warren County Court). On that same date he was sentenced to an aggregate prison term of ten years in the Missouri Department of Corrections. The court suspended the execution of the sentence ("SES"), and retained jurisdiction over petitioner for 120 days, pursuant to Mo.Rev.Stat. § 559.115 under the Missouri Shock Incarceration Program. On December 16, 2008, the court ordered that petitioner be released on probation for a period of five years. Petitioner did not appeal the sentence or file a timely motion for post-conviction relief.

The court revoked petitioner's probation on September 9, 2010. *Id.* Petitioner waited until April 19, 2017 to file a motion for post-conviction relief under Missouri Rule 24.035, which was

---

[1] On May 30, 2017, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant petition for writ of habeas corpus as time-barred.

1

denied on that same date without a hearing. *See Mullins v. State*, No. 17BB-CC00036 (12th Judicial Circuit, Warren County Court). Petitioner is currently incarcerated at Eastern Reception Diagnostic and Correctional Center, where Troy Steele is Warden.

In the instant petition, petitioner argues that his counsel was ineffective and that his sentence is invalid under the Missouri Supreme Court case of *State v. Bazell*, 497 S.W.3d 263 (Mo.banc 2016).

## Legal Analysis

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of…

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;...

Under Missouri law a suspended execution of sentence ("SES") is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *See State v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten (10) days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment on his original conviction became final ten (10) days after he was sentenced on September 30, 2008. Petitioner's judgment on his revocation became final ten (10) days after he was revoked on September 9, 2010.

Because petitioner did not file an appeal or motion for post-conviction relief within the one-year period for either his original sentence or his revocation, but instead waited until almost

seven years after his revocation, it matters not whether he is attempting to overturn his original conviction or his revocation conviction: both convictions and sentences are time-barred pursuant to § 2244.

Seemingly recognizing that his petition is untimely on its face, petitioner asserts that the Court should restart his federal limitations period under § 2244(d)(1)(C). He argues in his petition that his prior state convictions were unlawfully used to enhance his state sentence for stealing, as set forth in the recent Missouri Supreme Court of *Missouri v. Bazell*, 497 S.W3d.263 (Mo.banc 2016).[2]

*Bazell* did not restart the statute of limitations period under § 2244(d)(1)(C) because only decisions of the United States Supreme Court may work to restart the limitations period under that provision. In his response brief, petitioner requests that decisions of the State Supreme Courts, specifically those of the Missouri Supreme Court, should qualify under § 2244(d)(1)(C) to restart the statute of limitations period. However, such decisions do not qualify by the plain language of the statute. And petitioner has not presented any law to support his position.

In light of the aforementioned, petitioner's application for writ of habeas corpus is untimely.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED as TIME-BARRED.**

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED AS MOOT**.

---

[2]In *State v. Bazell*, the appellant was convicted of various stealing offenses under Section 570.030, including two convictions for stealing firearms. 497 S.W.3d at 265. His convictions for stealing firearms were enhanced to felonies pursuant to § 570.030.3(3)(d). On appeal, the Missouri Supreme Court reversed the appellant's convictions for stealing firearms because the Court concluded that the plain language of § 570.030.3 barred it from being used to enhance the appellant's stealing offenses.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of June, 2017.

                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE